WECHSELBERG, Appellant, vs. MICHLESON and others, imp., Respondents.

*May 19 — June 2, 1899.*

*Violation of stay order: Vacating service of papers: Supreme court.*

This court cannot grant a motion to set aside the service of an amended summons and complaint, made after an appeal had been perfected and a stay bond made and served as required by order of the court, unless the stay order was violated thereby, and that question having been settled in the negative by the circuit court its decision is conclusive until reversed on appeal.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. The appellant moved to set aside the service of the amended summons and complaint. *Motion denied.*

For the motion there was a brief by *Fish, Cary, Upham & Black,* and oral argument by *A. L. Cary.*

*J. B. Doe, contra.*

WINSLOW, J. This is a motion made in this court to set aside the service of an amended complaint upon certain defendants in an action pending in the circuit court for Milwaukee county in which *Julius Wechselberg* was the original plaintiff and the Home Building & Loan Association the original sole defendant.

It appears by the affidavits used on the motion that the action was brought by *Wechselberg* alone, as a stockholder of the Home Building & Loan Association, a corporation under the laws of Wisconsin, against the corporation as sole defendant, to wind up the affairs of the corporation because it was insolvent; and that the corporation, by answer, admitted its insolvency, and a receiver was thereupon appointed and entered upon his duties. Afterwards the respondents, *Mickleson* and others, who are creditors of the corpora-

tion, made petition to the court, and charged violations of duty and fraudulent mismanagement on the part of the officers of the corporation, and asked to be made parties plaintiff to the action, and that *Wechselberg* and the alleged unfaithful officers be made defendants, and that the petitioners be authorized to serve an amended complaint to enforce the alleged liabilities of the officers. The petition was granted by the court April 15, 1899, and thereafter an amended summons and complaint was served upon a number of the officers of the corporation. After this service was made, and on April 29, 1899, the circuit court fixed the amount of the undertaking to be given by *Wechselberg* to stay proceedings in case of an appeal by him from the order of April 15th, and upon May 4, 1899, *Wechselberg* perfected his appeal from the order granting *Mickleson's* petition, and served the stay bond required by the order of April 29th, and copies of the original papers were by order of the circuit court transmitted to this court upon such appeal. On the 6th and 8th days of May following, the petitioning creditors caused to be served on the building and loan association, and upon a number of its officers who had not previously been served, copies of the amended summons and complaint. Thereupon, and on the 13th day of May, a motion was brought to hearing in said circuit court to punish the petitioner's attorneys for contempt in so serving said amended complaint after the appeal was perfected, on the ground that such service was a violation of the stay order. After hearing, this motion was denied, and the court held that the stay order only stayed proceedings as to *Wechselberg*, and not as to any other parties, and that no proceedings had been taken against or affecting *Wechselberg* since the perfecting of his appeal. Thereupon this motion was made in this court to set aside the service of the amended summons and complaint upon the defendants who were served after May 4, 1899.

It seems unnecessary to consider more than one of the questions which were argued by counsel upon this motion. It appears that the trial court, upon motion to punish the petitioner's attorneys for contempt in the service of the amended summons and complaint upon various defendants after May 4th, held that such service did not constitute a violation of the stay order, and acquitted such attorneys of any contempt. This order is unappealed from and unreversed, and hence must be considered, for the present at least, as decisive of the question in this case. This court certainly cannot grant the motion to set aside such service unless the stay order was violated thereby, and, that question being settled in the negative, this motion must be denied.

*By the Court.*— Motion denied.